UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STEVEN GLEN SHEPPARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CASE NO. 1:05-cv-0467- DFH-TAB |
| ) | |
| WILLIAM F. WELCH and CANDI X. ) | |
| HALEY, ) | |
| ) | |
| Defendants. ) | |

ENTRY ON DEFENDANT WELCH'S MOTION TO DISMISS

Plaintiff Steven Glen Sheppard filed this § 1983 claim against William F. Welch and Candi X. Haley, employees of the office of the prosecuting attorney of Monroe County, Indiana. Sheppard alleges that the Monroe Circuit Court issued a final custody and child support order, and that defendants then issued non-judicial "orders" to seize a bank account and to garnish his wages without prior notice. Sheppard alleges that defendants thus deprived him of his property without due process of law in violation of the Fifth and Fourteenth Amendments of the United States Constitution. See generally *Flowers v. Flowers*, 799 N.E.2d 1183, 1190 (Ind. App. 2003) (finding violation of due process rights where wages were garnished and property seized to pay alleged child support arrearage without proper prior notice and opportunity to contest seizure); see also *Dionne v. Bouley*, 757 F.2d 1344, 1351-52 & n.10 (1st Cir. 1985) (discussing due process

requirements for post-judgment seizures of property); *Jacobson v. Johnson*, 798 F. Supp. 500, 503-04 (C.D. Ill. 1991) (same).

Defendant Haley has answered. Defendant Welch has moved to dismiss for lack of subject matter jurisdiction and failure to state a claim under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Welch asserts the court lacks jurisdiction pursuant to the domestic relations exception to federal diversity jurisdiction, the *Rooker-Feldman* doctrine, and the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971). Welch also asserts that he is entitled to absolute prosecutorial immunity, so that Sheppard has failed to state a claim for relief. For reasons explained below, Welch's Motion to Dismiss is denied.

*Standards for Dismissal*

Welch has limited his motion to dismiss to the pleadings, without offering any evidentiary material. When a defendant moves under Rule 12(b)(1) to dismiss for lack of subject matter jurisdiction based on the allegations in the complaint, without submitting additional evidence, the court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the plaintiff. *Long v. Shorebank Development Corp.*, 182 F.3d 548, 554 (7th Cir. 1999); *United Transp. Union v. Gateway Western Ry. Co.*, 78 F.3d 1208, 1210 (7th Cir. 1996).

For purposes of a motion to dismiss under Rule 12(b)(6), the court takes as true the plaintiff's factual allegations and draws all reasonable inferences in favor

of that party.  *Veazey v. Communications & Cable of Chicago, Inc.*, 194 F.3d 850, 853 (7th Cir. 1999).  "Dismissal under Rule 12(b)(6) is proper only if the plaintiff could prove no set of facts in support of his claims that would entitle [him] to relief."  *Chavez v. Illinois State Police*, 251 F.3d 612, 648 (7th Cir. 2001).

*Factual Allegations*

For the purpose of deciding this motion, the court accepts as true the following allegations contained in the pleadings, without vouching for their accuracy.  Welch and Haley are employees of the office of the prosecuting attorney of Monroe County, Indiana.  Welch is the deputy prosecuting attorney in charge of the Child Support Division.  Prior to this lawsuit, the Monroe Circuit Court issued a final order against Sheppard ordering him to pay child support.

On April 2, 2003, defendant Haley issued a "Bank Account Withholding Order" to the Indiana University Federal Employees Credit Union ("Credit Union") directing the Credit Union to withhold all funds on deposit in Sheppard's savings account up to a limit of $4,266.81, and then to pay the withheld funds to either the State Central Collection Unit or the Clerk of the Monroe Circuit Court.  In issuing the allegedly extra-judicial Bank Account Withholding Order, plaintiff alleges Haley followed a general office policy established by Welch.  Most relevant for the pending claims, plaintiff alleges that Haley did not give him prior notice of the Bank Account Withholding Order.  At the time the Bank Account Withholding

Order was issued, Sheppard's account contained $145.51. The Credit Union complied with the Bank Account Withholding Order by paying the $145.51 in the manner directed.

On September 20, 2004, Haley issued a "Wage Withholding Order" to Sheppard's employer, Indiana University, directing the university to withhold $10 per week in current child support and $30 per week to reduce a child support arrearage. In issuing the allegedly extra-judicial Wage Withholding Order, Haley also followed a general office policy established by Welch. Again, plaintiff alleges that Haley did not give him prior notice of the Wage Withholding Order. Indiana University complied with the Wage Withholding Order, withholding a total of $960 from October 8, 2004 through March 11, 2005.

Sheppard alleges that because the defendants did not give him prior notice of the withholding orders as required by Indiana Code §§ 31-16-15-3 and -7, the defendants deprived him of his property without due process of law and thereby violated the Fifth and Fourteenth Amendments of the United States Constitution. Sheppard seeks relief for violation of his federal constitutional rights under 42 U.S.C. § 1983.

*Discussion*

I.   *Domestic Relations Exception*

The domestic relations exception to federal diversity jurisdiction is not explicit in the statute but is well established in case law. A federal court lacks power to issue a divorce, alimony, or child custody decree even if all other requirements of diversity jurisdiction are satisfied. *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992); *Friedlander v. Friedlander*, 149 F.3d 739, 740 (7th Cir. 1998).

Sheppard brings this case pursuant to 42 U.S.C. § 1983, and therefore this court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. Because this is not a diversity jurisdiction case, the domestic relations exception does not apply. Welch has cited no case applying the domestic relations exception to federal question jurisdiction. There is no domestic relations exception to the Due Process Clause.[1]

---

[1] Welch's reliance on *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1 (2004), is misplaced. In *Newdow*, the Supreme Court deferred to the state court's custody decisions in evaluating the plaintiff father's standing to assert a First Amendment claim based on his daughter's school's practice of having students recite the Pledge of Allegiance with the phrase "under God." The Court explained that its holding did not rest on the domestic relations exception to diversity jurisdiction. *Id.* at 19 n.5.

II.     *The Rooker-Feldman Doctrine*

The *Rooker-Feldman* doctrine applies the principle that ordinarily only the Supreme Court of the United States has appellate jurisdiction over state court judgments. See *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). In *Rooker*, the Supreme Court stated that even if a state court judgment was wrong, the judgment could be reversed or modified only in an appropriate appeal. A federal appeal from the highest court of a state would become appropriate only when taken to the Supreme Court of the United States. *Rooker*, 263 U.S. at 415-16. Although some lower courts have applied the doctrine expansively in recent years, the Supreme Court recently intervened. The *Rooker-Feldman* doctrine is "confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. ___, ___, 125 S. Ct. 1517, 1521-22 (2005).

Sheppard was a state-court "loser" (in the sense that he is required to pay child support), and the state court rendered its decision before this district court case was filed. In the complaint, however, Sheppard does not ask the court to review or reject the Monroe Circuit Court's decision. He is challenging what he alleges were extra-judicial orders. If that is true, the court could grant relief, if

warranted, without reversing or modifying any portion of the state court's decision. Perhaps the defendants may be able to show by way of a defense that the state court in fact authorized the challenged orders. Without evidence, however, the court must accept the plaintiff's allegations that the orders were not authorized by the state court.

Welch argues that this federal court would need to review the state court's order regarding Sheppard's child support obligation. The language of "review and rejection" in *Exxon Mobil* shows that a mere reading of a state court decision to determine its contents will not be sufficient to trigger the *Rooker-Feldman* doctrine. Although Welch does not explain why the court would necessarily have to review the state court's order, Sheppard's complaint simply does not ask this court to modify, reject or "repair" the state court's decision. Based on the allegations in the complaint, this court could determine whether the income withholding orders violated Sheppard's right to due process of law without altering or extinguishing his obligation to pay child support. The *Rooker-Feldman* doctrine does not apply here.

III.    *Younger v. Harris Abstention*

The abstention doctrine developed under *Younger v. Harris*, 401 U.S. 37 (1971), is not a matter of subject matter jurisdiction, but it can require a federal court to abstain from exercising its jurisdiction when asked to enjoin state court

proceedings. In *Younger* itself, the federal plaintiff was a defendant in a state court criminal prosecution. He contended that he was being prosecuted under a law that violated his federal First Amendment rights. The district court enjoined the state prosecution. The Supreme Court reversed, holding that the federal courts could not enjoin the state prosecution even if the federal case was otherwise within the federal court's jurisdiction. The state court prosecution was already pending; it provided a forum in which the federal plaintiff could raise his federal constitutional claims as defenses; and there was no showing that the prosecution was in bad faith. 401 U.S. at 49.

The Supreme Court has extended the *Younger* abstention doctrine to "noncriminal judicial proceedings when important state interests are involved." *Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982). The Court in *Middlesex* identified three factors to determine when a federal court can exercise jurisdiction: whether there was an ongoing state judicial proceeding, whether the proceedings implicated strong state interests, and whether the plaintiff had an adequate opportunity to challenge the constitutional issues during the state proceedings. *Id.*

Defendant Welch invokes *Younger* abstention to argue that Sheppard should raise his federal constitutional claims in the state courts. Two elements needed for abstention are present. The parties agree that court proceedings concerning family and child support issues address important state interests. Also, the state

courts are perfectly capable of providing a forum for Sheppard's federal constitutional claims.

The critical issue is whether there is an ongoing state judicial proceeding. The pleadings do not clarify the status of the child custody and support case in the Monroe Circuit Court. Welch argues that it is "probable that there are pending state court proceedings regarding the plaintiff's child support obligation." Def. Reply Br. at 5. Welch has not offered any further support for this critical assertion. Sheppard asserts that there is a final custody and support order in state court. In drawing all reasonable inferences in favor of the plaintiff, the court at this early stage in litigation cannot conclude that there is an ongoing state proceeding that would require *Younger* abstention.[2]

IV.  *Absolute Prosecutorial Immunity*

Finally, Welch argues that he is entitled to absolute prosecutorial immunity from any damage award. He moves to dismiss Sheppard's complaint under Rule 12(b)(6) for failure to state a claim for relief. In *Imbler v. Pachtman*, the Supreme Court held that a prosecutor was immune from a civil suit seeking damages when

---

[2]If there is no ongoing state court proceeding, Sheppard would appear to be free to assert his federal constitutional claims in this court, even if he might also have sought relief from the state courts. Section 1983 does not require litigants to exhaust state remedies before filing suit in federal court. See *Wudtke v. Davel*, 128 F.3d 1057, 1063 (7th Cir. 1997) (no general exhaustion requirement for federal § 1983 plaintiffs), citing *Patsy v. Board of Regents*, 457 U.S. 496 (1982).

the civil suit was based on the prosecutor's actions in initiating and presenting the State's case. 424 U.S. 409, 431 (1976). Since *Imbler*, the Supreme Court has distinguished "prosecutorial" functions, for which the prosecutor receives absolute immunity, from "administrative or investigative" functions, for which the prosecutor can be held personally liable. *Buckley v. Fitzsimmons*, 509 U.S. 259, 272-73 (1993); *Burns v. Reed*, 500 U.S. 478, 494-96 (1991). Absolute prosecutorial immunity has been extended to a prosecutor's actions in civil proceedings when the prosecutor is "'functioning in an enforcement role analogous to his role in criminal proceedings." *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003), quoting *Mendenhall v. Goldsmith*, 59 F.3d 685, 691 (7th Cir. 1995).

The Supreme Court has explained that absolute prosecutorial immunity is designed to protect the judicial process, and protects only a prosecutor's actions that are connected to judicial proceedings. *Burns*, 500 U.S. at 494. "Absolute immunity is designed to free the judicial process from the harassment and intimidation associated with litigation. That concern therefore justifies absolute prosecutorial immunity only for actions that are connected with the prosecutor's role in judicial proceedings, not for every litigation-inducing conduct." *Id.* (internal citations omitted). The Supreme Court in *Burns* did not grant the prosecutor absolute immunity for the action of giving legal advice to the police. The action occurred prior to the initiation of judicial proceedings, and therefore was not sufficiently connected to invoke the immunity in light of the policy of protecting the judicial process. *Id.* at 496.

On the present record, the court must assume that the withholding orders in this case were not a part of the final judicial order and that Welch did not appear before a judge to request the orders. Based on the complaint alone, Welch's alleged actions are not sufficiently connected to any judicial proceeding. Therefore the policy of protecting the judicial process is inapplicable, and the defense of absolute prosecutorial immunity does not apply here. Even if it did apply, moreover, it would not apply to Sheppard's claims for injunctive and declaratory relief. See *Burns*, 500 U.S. at 481 (issue was absolute immunity from damages); *Smith*, 346 F.3d at 742 (prosecutors immune from monetary damages for acts performed as advocate for state).

Rule 12(b)(6) will apply only if Sheppard has failed to state a claim for which relief can be granted. Because Sheppard has alleged facts that would avoid absolute prosecutorial immunity, Sheppard has stated a claim upon which relief can be granted.

Accordingly, Welch's motion to dismiss for lack of subject matter jurisdiction and failure to state a claim is hereby denied.

So ordered.

Date: July 5, 2005

                                               *David F. Hamilton*
                                               DAVID F. HAMILTON, JUDGE
                                               United States District Court
                                               Southern District of Indiana

Copies to:

Betsy M. Isenberg
INDIANA STATE ATTORNEY GENERAL
bisenberg@atg.state.in.us

Rudolph William Savich
rsavich@aol.com

James S. Stephenson
STEPHENSON MOROW & SEMLER
jstephenson@stephlaw.com