UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STEVEN GLEN SHEPPARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:05-cv-0467-DFH-TAB |
| ) | |
| WILLIAM F. WELCH and ) | |
| CANDI X. HALEY, ) | |
| ) | |
| Defendants. ) | |

ENTRY ON PLAINTIFF'S RULE 59(e) MOTION

Plaintiff's motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure is hereby denied.

First, the *absence* of evidence in the record showing other incidents does not satisfy *plaintiff's* burden to prove that the failures to give prior notice to him and to one other child support debtor were anything other than random and unauthorized violations of state law.

Second, the court stands by the reasoning of its alternate ground for decision, that plaintiff has failed to show harm. He has failed to show there was any issue he might have raised in a pre-deprivation hearing that might have entitled him to avoid seizure of his bank account or garnishment of his wages. The issue he raises in his Rule 59(e) motion has been considered and rejected by

the state courts. To the extent plaintiff seeks injunctive relief, he has also not shown that he is likely to be subjected to future violations of state law. Cf. *Los Angeles v. Lyons*, 461 U.S. 95 (1983) (ordering dismissal of federal claim for injunctive relief because of failure to show that plaintiff was at sufficient risk of future violations of his constitutional rights).

Plaintiff continues to insist that federal due process mandated that he have an opportunity for a hearing *before* the state could move to satisfy the child support judgment previously entered against him. The court's decision to grant summary judgment assumed for purposes of argument that plaintiff had such a right under the federal Constitution, as distinct from state law. The court rested its decision on the random and unauthorized nature of the alleged violations of state law (and arguably of the Constitution), but it is also worth noting that due process does not necessarily require a pre-deprivation hearing where judgment on the underlying debt has already been entered. See, *e.g.*, *McCahey v. L.P. Investors*, 774 F.2d 543, 549-50 (2d Cir. 1985) (pre-deprivation notice and hearing "is not constitutionally required even in the case of pre-judgment attachments, when liability has not been determined. A fortiori, it can hardly be required where the creditor's claim has been finally confirmed by a court"); *Finberg v. Sullivan*, 634 F.2d 50, 59 (3d Cir. 1980); *Brown v. Liberty Loan Corp.*, 539 F.2d 1355, 1368 (5th Cir. 1976) ("we feel compelled to hold that due process of law does not require notice and an opportunity to be heard before the writ of garnishment issues"). While plaintiff may nevertheless be due post-deprivation process, he

-3-

acknowledges receiving an opportunity to be heard regarding his only substantive defense to the garnishment of his property; this argument was rejected by the state courts.

So ordered.

Date: November 13, 2006

                                                            DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Cynthia B. De Nardi
INDIANA STATE ATTORNEY GENERAL
cynthia.denardi@atg.in.gov

Betsy M. Isenberg
INDIANA STATE ATTORNEY GENERAL
Betsy.Isenberg@atg.in.gov

G. Jayson Marksberry
STEPHENSON MOROW & SEMLER
jmarksberry@stephlaw.com

Rudolph William Savich
rsavich@aol.com

Ronald J. Semler
STEPHENSON MOROW & SEMLER
rsemler@stephlaw.com

James S. Stephenson
STEPHENSON MOROW & SEMLER
jstephenson@stephlaw.com